2023 IL App (1st) 231837B-U

FIRST DISTRICT,
FIRST DIVISION
December 11, 2023

No. 1-23-1837B

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County |
| | ) | |
| v. | ) | No. 23400521301 |
| | ) | |
| ISRAEL FLORES-HIDALGO, | ) | Honorable |
| | ) | John W. Wilson, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE COGHLAN delivered the judgment of the court.
Presiding Justice Fitzgerald Smith and Justice Lavin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not abuse its discretion in denying pretrial release where the trial court's findings that defendant posed a real and present threat to the safety of any person or the community and that no less restrictive conditions would avoid the real and present threat to the safety of any person or community were not against the manifest weight of the evidence.

¶ 2    Defendant Israel Flores-Hidalgo appeals from the circuit court's order denying pretrial release pursuant to the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act. See Pub. Acts 101-652, § 10-255; 102-1104, § 70 (eff. Jan. 1, 2023); *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (lifting stay and setting effective date as September 18, 2023). For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4         On September 24, 2023, defendant was charged with the offenses of aggravated robbery (720 ILCS 5/18-1(b)(1)) and possession of a controlled substance (720 ILCS 570/402(c)). The State filed a verified petition seeking to deny pretrial release pursuant to 725 ILCS 5/110-2, 110-6.1 (West 2022), alleging that defendant was the getaway driver in the commission of a forcible felony and his pretrial release posed a real and present threat to the safety of persons or the community.

¶ 5         At the September 25, 2023, pretrial release hearing, the State argued that detention was appropriate under section 110-6.1(a)(3) of the Code. 725 ILCS 5/110-6.1 (West 2022). In support, the State provided the following factual basis for denying defendant pretrial release: On September 23rd, 2023, at approximately 11:13 a.m., at the Rue21 store located at 4783 West Cermak Road in Cicero, Illinois, officers responded to a report of a robbery in progress. The victim had made a 911 call reporting that the offender (co-defendant) had entered the store with what appeared to be a firearm and taken approximately $352 in cash. Officers were advised that the co-defendant, who was wearing red pants, ski goggles, and a black sweater, was last seen exiting the store running eastbound. When officers arrived, they observed a suspect matching the co-defendant's description entering the front passenger seat of defendant's vehicle. Before defendant was able to pull off, officers "effectuated a felony investigation stop" and detained both offenders. When the officers approached, defendant initially refused to exit the vehicle. Witnesses identified co-defendant as the robber and police recovered a toy handgun from him. After defendant waived his *Miranda* rights, he admitted "to knowing that the co-offender was going to rob the store" and that "days before he drove the co-defendant to another store" where a pair of pants were stolen. Defendant was subsequently charged with aggravated robbery and possession of a controlled substance for having in his possession less than 30 grams of a substance containing cocaine. At the time of his

arrest for the instant offense, defendant was on pretrial release pending trial for a Class 1 possession of a controlled substance charge.

¶ 6        In mitigation, defense counsel asserted that defendant was a married father of three, a mechanic in his own business, and the sole provider for his family. Defendant was born in Mexico and had lived in Chicago for ten years. Defense counsel argued that defendant did not pose "a risk of safety to any other individual just because he was in this car near this offense."

¶ 7        At the conclusion of the hearing, the trial court denied pretrial release, finding that the State had shown by clear and convincing evidence that defendant was charged with a detainable offense; that the proof was evident, and the presumption great that defendant committed the offense of aggravated robbery; and that defendant posed a real and present threat to the safety of any person or the community based on the specific facts in the case. The trial court observed that defendant was with someone "who went into the store and under the threat of a weapon, robbed the store" during regular store hours, and that "there are no conditions or combination of conditions set forth under 725 ILCS 5/110-10(b) that can mitigate the real and present threat to the safety of any person or persons or the community, based upon the specific articulable facts of this case."

¶ 8                                        II. ANALYSIS

¶ 9        On appeal, defendant claims that the trial court erred in denying pretrial release. In his notice of appeal,[1] the defendant argues that the State failed to meet its burden to show by clear and convincing evidence that the defendant posed a threat to the safety of any person because his role in the aggravated robbery was "limited to a possible accomplice" and he did not "drive off when confronted by police." Defendant further argues that the State failed to demonstrate by clear and convincing evidence that there were no conditions that would mitigate defendant's threat to the

_____

[1] The Cook County Public Defender (PD) was appointed to represent the defendant and filed notice of appeal on October 4, 2023.

safety of others, ensure his appearance, and "prevent him from picking up new cases."

¶ 10    In response, the State asserts that the clear and convincing evidence establishes that the defendant committed a qualifying offense under the SAFE-T Act; that he posed a real and present threat to the safety of any person, or the community, based upon the facts set forth in the proffer; and that there are no condition or conditions sufficient to mitigate this threat. Specifically, the State presented evidence that the crime involved the threat of force with a handgun, that "defendant admitted that the crime was planned, that he had been involved in a similar robbery just days prior, and that he was on pretrial release for a Class 1 felony pending trial" when the instant offense was committed.

¶ 11    Pretrial release is governed by article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110 (West 2022)), as amended by the SAFE-T Act. Under the Code, as amended, a defendant's pretrial release may only be denied in certain statutorily limited situations. 725 ILCS 5/110-2(a), 110-6.1 (West 2022). After filing a timely verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed a qualifying offense, that the defendant's pretrial release poses a real and present threat to the safety of any person or the community or a flight risk, and that less restrictive conditions would not avoid a real and present threat to the safety of any person or the community and/or prevent the defendant's willful flight from prosecution. 725 ILCS 5/110-6.1(e), (f) (West 2022).

¶ 12    The SAFE-T Act provides a nonexclusive list of factors that the trial court may consider when making a determination of "dangerousness," *i.e.*, that the defendant poses a real and present threat to any person or the community. 725 ILCS 5/110-6.1(g) (West 2022). In making this determination, the court may consider evidence or testimony as to factors that include, but are not limited to: (1) the nature and circumstances of any offense charged, including whether the offense

is a crime of violence involving a weapon or a sex offense; (2) the history and characteristics of the defendant; (3) the identity of any person to whom the defendant is believed to pose a threat and the nature of the threat; (4) any statements made by or attributed to the defendant, together with the circumstances surrounding the statements; (5) the age and physical condition of the defendant; (6) the age and physical condition of the victim or complaining witness; (7) whether the defendant is known to possess or have access to a weapon; (8) whether at the time of the current offense or any other offense, the defendant was on probation, parole, or supervised release from custody; and (9) any other factors including those listed in section 110-5 of the SAFE-T Act. 725 ILCS 5/110-6.1(g) (West 2022).

¶ 13   In order to reverse a trial court's finding denying pretrial release under the SAFE-T Act, the reviewing court must conclude that the trial court's findings were against the manifest weight of the evidence. See *In re C.N.*, 196 Ill. 2d 181, 208 (2001) (setting a similar standard of review for requirement of clear and convincing evidence by the State in juvenile proceedings). A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly evident or the finding itself is unreasonable, arbitrary, or not based on the evidence presented." *People v. Deleon*, 227 Ill. 2d 322, 332 (2008). "Under the manifest weight standard, we give deference to the trial court as the finder of fact because it is in the best position to observe the conduct and demeanor of the parties and witnesses." *Id.*

¶ 14   Questions regarding whether the trial court properly considered one or more of the aforementioned factors in determining dangerousness are reviewed for an abuse of discretion. See *People v. Simmons*, 2019 IL App (1st) 191253, ¶¶ 9, 15 (in considering trial court's decision to deny bail, the reviewing court will not substitute its judgment for that of the trial court merely because it would have balanced the appropriate factors differently). An abuse of discretion occurs when the decision of the circuit court is arbitrary, fanciful, or unreasonable, or where no reasonable

person would agree with the position adopted by the court. *Simmons*, 2019 IL App (1st) 191253, ¶ 9.

¶ 15    If the trial court finds that the State proved a valid threat to the safety of the person or the community and/or defendant's likely willful flight to avoid prosecution, or defendant's failure to abide by previously issued conditions of pretrial release, then the trial court must determine what pretrial release conditions, "if any, will reasonably ensure the appearance of a defendant as required or the safety of any other person or the community and the likelihood of compliance by the defendant with all the conditions of pretrial release." 725 ILCS 5/110-5(a) (West 2022). In reaching its determination, the trial court must consider: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant;[2] (4) the nature and seriousness of the specific, real and present threat to any person that would be posed by the defendant's release; and (5) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a) (West 2022). The statute lists no singular factor as dispositive. *Id.*

¶ 16    Based on our review of the record, we find that the trial court's finding that the defendant met the dangerousness standard and posed a real and present threat to the safety of any person or the community, was not against the manifest weight of the evidence. Further, the trial court's determination that there were no less restrictive conditions adequate to avoid the threat defendant posed to the safety of any person or the community and ensure defendant's compliance with conditions of pretrial release was not against the manifest weight of the evidence, particularly in

_____

[2] The defendant's history and characteristics include: "the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings," as well as "whether, at the time of the current offense or arrest, the defendant was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A), (B) (West 2022).

view of the fact that defendant was on pretrial release for a pending felony offense when he was arrested on the instant charges.

¶ 17    Having reviewed the record on appeal, we find the trial court's order denying pretrial release was not an abuse of discretion.

¶ 18                                 CONCLUSION

¶ 19    For the reasons set forth herein, we affirm the order of the circuit court of Cook County.

¶ 20    Affirmed.